United States District Court
Southern District of Texas
**ENTERED**
August 02, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JOANN HERNANDEZ,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CIVIL ACTION NO. 4:22-CV-2211** |
| § | |
| § | |
| **KILOLO KIJAKAZI,** *Commissioner of* § | |
| *Social Security Administration*, § | |
| § | |
| **Defendant.** | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Joann Hernandez ("Plaintiff") filed this lawsuit against Defendant Kilolo Kijakazi ("Commissioner") seeking review of the denial of benefits under Title II and XVI of the Social Security Act. (Dkt. No. 1.) Pending before the Court are the parties' cross-motions for summary judgment.[1] (Dkt. Nos. 15, 17,[2] 18.) Based on the briefing, record, and relevant law, the Court **RECOMMENDS** Plaintiff's Motion for Summary Judgment (Dkt. No. 15) be **GRANTED IN PART AND DENIED IN PART**, Commissioner's Motion for Summary Judgment (Dkt. No. 18) be **GRANTED IN PART AND DENIED IN PART**, and the case be **REMANDED** in accordance with this order.

### I.   BACKGROUND

Plaintiff is a 62-year-old woman who is a former housekeeper. (R. at 19, 379.)[3] On December 20, 2016, Plaintiff filed an application for disability insurance benefits and filed for

---

[1] On July 6, 2022, the District Judge referred the entire case to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No 2.)

[2] The Court recommends denying the motion as MOOT. (Dkt. No. 17.)

[3] The Administrative Record in this case can be found at Dkt. No. 8.

supplemental security income on December 26, 2016, seeking benefits beginning on August 1, 2016, for thyroid disorder, hypertension, diabetes, Hepatitis C, vision impairment, and a heart condition. (R. at 79–87, 88–96, 379–80, 382–91.) The Social Security Administration ("SSA") denied both of Plaintiff's claims on April 13, 2017, and again on reconsideration on June 28, 2017. (R. at 97–98; 127–28.) On July 12, 2017, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (R. at 180.) ALJ William Sharp held a hearing on March 14, 2018, where Plaintiff was represented by Counsel. (R. at 31–65.) Plaintiff testified at the hearing, as did Thomas King, a vocational expert ("VE"). (R. at 33–55, 55–63.) On May 22, 2018, ALJ Sharp denied Plaintiff's application for disability, finding Plaintiff not disabled at Step Five of the evaluation process. (R. at 140.)[4]

Plaintiff appealed to the Appeals Council on June 7, 2018. (R. at 230–31.) On February 7, 2019, the Appeals Council vacated ALJ Sharp's decision, and the case was remanded. (R. at 146–50.) On July 2, 2019, ALJ Sharp held a second hearing, where Plaintiff and VE Vickie D. Colenburg testified. (R. at 66–78, 69–77, 77–78.) On July 24, 2019, ALJ Sharp denied Plaintiff's application for disability, finding Plaintiff not disabled at Step Four. (R. at 20.) Plaintiff appealed to the Appeals Council on August 12, 2019. (R. at 373–74.) On October 30, 2019, the Appeals Council denied Plaintiff's request for review. (R. at 1–3.) Plaintiff then appealed to the district court.

---

[4] In considering a disability claim, an ALJ must conduct a five-step evaluation that examines: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) (citing 20 C.F.R. § 404.1520).

On December 14, 2020, the Commissioner filed an unopposed Motion to Remand. *See Hernandez v. Saul*, No: 4:20-cv-559 (S.D. Tex. Dec. 15, 2020). On December 15, 2020, Judge David Hittner remanded Plaintiff's case. *See id.* (R. at 796.) The Appeals Council assigned Plaintiff's case to ALJ Ross Stubblefield on February 10, 2021. (R. at 797–801.) The Appeals Council noted that Plaintiff filed subsequent applications for benefits on December 12, 2019, and January 9, 2020. (R. at 800.) Plaintiff was found disabled for purposes of Title II and Title XVI as of January 9, 2020. (*Id.*) Plaintiff alleged disability onset on August 1, 2016. Therefore, the ALJ's decision is limited to the period from August 1, 2016, through January 8, 2020. (R. at 729.)

On February 15, 2022, the ALJ held a hearing where Plaintiff was represented by counsel. (R. at 750–69.) Plaintiff testified at the hearing, as did VE Donna Johnson. (R. at 753—67.) On February 28, 2022, the ALJ denied Plaintiff's application for benefits, finding Plaintiff not disabled at Step Four. (R. at 728–38.)

At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since August 1, 2018. (R. at 731.) At Step Two, the ALJ found Plaintiff has the following severe impairments: disorder of the back, disorder of the left knee, depression, and anxiety. (*Id.*) At Step Three, the ALJ found Plaintiff's impairments or combination of impairments do not rise to the level of severity of impairments in the listings associated with disorders of the skeletal spine (Listing 1.15), lumbar spinal stenosis (Listing 1.16), abnormality of a major joint (Listing 1.18), depressive, bipolar, and related disorders (Listing 12.04), or anxiety and obsessive-compulsive disorders (Listing 12.06). (R. at 733.) The ALJ found Plaintiff has the Residual Functional Capacity ("RFC") to lift, carry, push, or pull twenty pounds occasionally and ten pounds frequently; stand or walk six hours in an eight-hour workday with normal breaks; and sit six hours in an eight-hour workday with normal breaks. (R. at 735.) The ALJ also found that Plaintiff is able

to understand, remember, and carry out simple instructions; respond appropriately to supervision, coworkers, and usual work situations; and deal with changes in a routine work setting. (R. at 735.) At Step Four, the ALJ found Plaintiff is able to perform past relevant work as a housekeeper, and therefore, she is not disabled as defined under the Social Security Act. (R. at 737–38.)

The ALJ's decision represents the Commissioner's final decision in the case. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). On June 29, 2022, Plaintiff filed this civil action under 42 U.S.C. § 405(g). (Dkt. No. 1.) In the appeal, Plaintiff argues that remand is required because the ALJ failed to comply with the Appeals Council's remand order, adopt mental limitations or explain his reason for omitting mental limitations from Plaintiff's RFC, and adopt other limitations offered by medical sources whose opinions he found entitled to significant weight. (Dkt. No. 16 at 1.) Plaintiff additionally contends that the ALJ and Appeals Council were improperly appointed. (*Id*.)

**I.     STANDARD OF REVIEW**

The court's review of a final decision of the Commissioner on a Social Security disability claim is exceedingly deferential. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "[R]eview of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). When the Commissioner's decision is reached by applying improper legal standards, the decision is not supported by substantial evidence. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "'Any findings

of fact by the Commissioner which are supported by substantial evidence are conclusive.'" *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. The court "'may not reweigh the evidence . . . , nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)).

## II.   DISCUSSION

Plaintiff asserts four points of error. Plaintiff first argues that the ALJ was required to follow the Appeals Council's order to obtain medical expert testimony. (Dkt. No. 16 at 5.) Plaintiff then argues that the ALJ erred by failing to either adopt moderate limitations related to concentration, persistence, or pace or to explain why he omitted such limitations. (*Id.* at 8.) Plaintiff further contends that remand is required because the ALJ failed to specifically adopt or reject limitations described by a medical source whose opinion he found entitled to great weight, and explain his reason for doing so. (*Id.* at 10.) Last, Plaintiff argues that the ALJ and the Appeals Council improperly held their positions, thus had no authority to adjudicate her claims. (*Id.* at 13.) Commissioner argues that strict compliance with the Appeals Council order does not require remand; substantial evidence supports the ALJ's mental RFC finding; and that the Acting

Commissioner acted with proper authority when she ratified and approved the ALJ's appointments. (Dkt. No. 19.)

### A. The ALJ's Failure to Comply with the Appeals Council Remand Order Requires Remand.

Plaintiff claims that the ALJ erred by failing to strictly comply with the Appeals Council ("AC") remand order. (Dkt. No. 16 at 3.) The Commissioner contends that strict compliance with the order is not required, failure to strictly comply does not require automatic remand, and the failure to do so was harmless because the ALJ included a narrative discussion unlike the prior ALJ. (Dkt. No. 19 at 5.)

Plaintiff asserts the ALJ erred by allowing the administrative hearing to proceed without a medical examiner. (Dkt. No. 16 at 4.) Plaintiff argues that if this is how the ALJ wished to proceed, he should have sought clarification of the AC remand order that required the medical examiner at the hearing. (*Id.* at 6.) Importantly though, "if an ALJ intends to request clarification from the [Appeals Council], he or she must submit the request before conducting a hearing." Requesting Clarification of Appeals Council Remand Orders - Policy, HALLEX I-2-1-85. Neither the ALJ, nor Plaintiff, knew until the hearing started that the ME was unprepared for the hearing. (R. at 758.) Seeking clarification from the AC would not have been the proper procedure here because the ALJ was neither confused by the order nor needed clarification. The issue then is whether the ALJ can properly give Plaintiff the option to waive proceeding with an ME when that waiver contravenes an AC order.

Upon remand "[t]he administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." *Chandler v. Saul*, No. CV H-18-509, 2019 WL 4417833 (S.D. Tex. Aug.

30, 2019) (citing 20 C.F.R. § 404.977), *report and recommendation adopted*, 2019 WL 4416827 (Sept. 16, 2019). The AC determined remand was required because the prior ALJ did not provide a narrative discussion regarding his decision to reject in part all medical opinions of record and with the current record before it, substantial evidence did not support the RFC. (R. at 799.) The AC concluded in the remand order that "further evaluation of the claimant's residual functional capacity, with medical expert evidence, is warranted." (*Id.*) Specifically, the AC noted that "off task time limitations, required pain medication, and distance for walking" were limitations that had not been explored and were missing from the prior ALJ's analysis. (*Id.*) When the ALJ called the ME and realized the ME was unprepared, the ALJ gave Plaintiff the option to reschedule the hearing or to proceed without the ME. (R. at 758.) Plaintiff, though counsel, opted to proceed without the ME. (*Id.*) The ALJ took Plaintiff's statement as a valid waiver of the Appeals Council's directive.

"[T]he Fifth Circuit has expressly held that failure to comply with an Appeals Council's order does not, by itself, constitute reversible error." *Preciado v. Saul*, No. 4:19-CV-02756, 2020 WL 6940881, at *3 (S.D. Tex. Nov. 25, 2020) (citing *Henderson v. Colvin*, 520 F. App'x 268, 273 (5th Cir. 2013)). The *Henderson* court explained remand is warranted only where the ALJ's decision fails to apply the proper legal standard, or the decision is not supported by substantial evidence even if the ALJ did not comply with the AC remand order. *Henderson*, 520 F. App'x at 273. Even so, the court analyzed whether the ALJ complied with the AC remand order. *Id*. The court found that the ALJ complied with the four directives in the order. *Id.* at 274. The *Henderson* plaintiff appealed to the AC, arguing its orders had not been followed, however the AC denied her request for review. *Id.* The court found the AC's denial as a persuasive indication there was no error. *Id.* The Court finds the present case is factually distinguishable from *Henderson*. The

difference in the case before this Court is that the ALJ not only committed a procedural error of not following SSA regulations, but, in failing to obtain additional evidence, the ALJ also committed the legal error of failing to fully and fairly develop the record.

Here, Plaintiff proceeded directly to the district court for review, asserting the AC remand order error for the first time. It is clear from the record the ALJ did not comply with a directive in the order. The ALJ did not obtain any additional evidence as required by the AC order. The ALJ did not mention the requirement to obtain additional evidence, but instead insisted that he would not have considered an ME necessary, but only ordered an ME to comply with the order. (R. at 758.) The ALJ treated the directive to obtain supplemental evidence as discretionary. The record makes clear that the ALJ did not agree with the requirement. (*Id.*) The ALJ then shifted the burden on whether to proceed onto Plaintiff. Yet, it was the ALJ's duty to comply with the AC order or at least take action consistent with the AC's directive to obtain additional evidence on potential limitations on Plaintiff's RFC. *See* 20 C.F.R. §§ 404.977, 416.1477.

The new ALJ opinion did have a narrative discussion of the medical evidence including Plaintiff's medical history of chronic low back pain, left knee pain, and psychological symptoms. (R. at 736.) In doing so, the ALJ addressed only the AC's suggestions of missing components from the prior ALJ's analysis by discussing "required pain medication, and distance for walking." (R. at 799.) The ALJ noted Plaintiff testified that she could walk about a block and took pain medication with some relief. (R. at 736.) Yet, the opinion did not contain new medical evidence on the nature and severity of functional limitations resulting from Plaintiff's impairments as ordered by the AC. The ALJ failed to address, much less comply, with the overarching directive to obtain additional evidence for the purpose of fully analyzing the impact Plaintiff's impairments had on her RFC. *Chandler*, 2019 WL 4417833, at *4–5.

The regulation regarding AC compliance is mandatory and proceeding without the ME is inconsistent with the remand order. *See Rymer v. Colvin*, No. 3:12-CV-4095-P-BN, 2013 WL 6869088, at *4 (N.D. Tex. Dec. 30, 2013) (remanding where the ALJ did not follow the AC directives in the remand order and the failure to do so was prejudicial); *see als*o 20 C.F.R. § 404.977. Plaintiff's waiver is invalid because the regulations governing AC remand orders do not provide the legal authority allowing a plaintiff to waive an AC directive. *See* 20 C.F.R. §§ 404.977, 416.1477. The ALJ committed both the procedural error of not following the regulations, and the legal error of failing to fully and fairly develop the record by failing to obtain additional evidence. *Chandler*, 2019 WL 4417833, at *4–5 (distinguishing *Henderson* and remanding because the ALJ committed both a procedural error and a legal error because Plaintiff demonstrated prejudice).

"An administrative law judge has a duty to fully and fairly develop the facts relative to a claim for disability benefits." *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000). Yet, the "Court will not reverse the decision of an ALJ for failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure." *Id.*; *see also Henderson*, 520 F. App'x at 275 (explaining the plaintiff bears the burden of showing prejudice). When a plaintiff establishes prejudice by showing that the ALJ "could and would have adduced evidence that might have altered the result," the court may reverse and remand the ALJ's decision for failure to develop the record. *Chandler*, 2019 WL 4417833, at *4 (citing *Carey*, 230 F.3d at 142). Such prejudice "can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Silva v. Kijakazi*, No. 2:21-CV-00301, 2022 WL 18144262, at *5 (S.D. Tex. Oct. 5, 2022) (citing *Ripley v. Chater*, 67 F.3d 552, 557 n.22 (5th Cir. 1995)), *report and recommendation adopted*, 2023 WL 123789 (Jan. 5, 2023).

The ALJ's failure to comply with the remand order was prejudicial. *Moree v. Astrue*, No. 7:10-CV-0006-BF, 2011 WL 1252904, at *8 (N.D. Tex. Apr. 1, 2011) (finding the ALJ's disregard of the reviewing court's directive in its order constituted legal error and required reversal). The AC determined that the record before it, and the prior ALJ, was not enough to make an accurate assessment of Plaintiff's impairments and her limitations. Because the ALJ failed to obtain supplemental evidence from an ME to further detail the impacts her impairment had on her RFC the Court is unable to determine what the outcome would have been had he done so. *See Rymer*, at *5 (explaining that "the ALJ did not obtain supplemental evidence from a medical expert . . . as the Appeals Council ordered the ALJ to do on remand, and the [c]ourt cannot know what the outcome would have been had he done so"). Without the fully developed record, as ordered by the AC, the Court is unable to conclude that the ALJ could not have reached a different conclusion absent the error. *See Frank v. Barnhart,* 326 F.3d 618, 622 (5th Cir. 2003) (noting that an error is harmless if there is no possibility the ALJ would have reached a different conclusion absent the error). Accordingly, the Court recommends the case be remanded to a different ALJ for further administrative proceedings in compliance with the AC order. The ALJ demonstrated clear disagreement with the remand order and the willingness to circumvent the mandatory provisions of the AC order, seemingly as if he had already made up his mind on the disposition of the case. The hearing testimony would lead an objective observer to question the ALJ's impartiality if it was remanded to him to form a conclusion based on additional testimony from an ME. *See Bordelon v. Astrue*, 281 Fed. App'x 418, 422–23 (5th Cir.2008); *see also Ramirez v. Saul*, No. 4:18-CV-2504, 2020 WL 1853749, at *5 (S.D. Tex. Apr. 12, 2020) (explaining it is within the reviewing court's discretion whether to also require that the case be assigned to a different ALJ).

### B. The ALJ's Failure to Adopt Verbatim Mental Limitations in Plaintiff's RFC Does Not Require Remand.[5]

Next, Plaintiff argues that remand is required because the ALJ failed to adopt mental limitations consistent with his findings or explain why he did not adopt consistent limitations in his RFC analysis. (Dkt. No. 16 at 7; Dkt. No. 20 at 4.) Specifically, while the ALJ found that Plaintiff had moderate limitations in her ability to concentrate, persist, and maintain pace the ALJ did not include identical limitations in Plaintiff's RFC. (R. at 734–35.) Plaintiff similarly asserts that remand is required because the ALJ did not adopt mental limitations consistent with those identified by physicians he deemed credible. (Dkt. No. 16 at 12.) The Commissioner asserts that the ALJ reasonably accounted for all of Plaintiff's recognized mental limitations and limiting Plaintiff to simple instructions is sufficient for Plaintiff's RFC. (Dkt. No. 19 at 5.)

The ALJ considered Plaintiff's symptoms and the extent which they were consistent with the evidence of record. (R. at 735.) Plaintiff reported difficulty with concentration during her March 2017 psychological consultative exam but indicated her ability to perform chores around the house, cook, and shop. (R. at 734.) During the consultative exam, Plaintiff demonstrated good concentration and attention. (*Id.*) The ALJ considered opinion evidence from the State Agency reconsideration examiner who found a mild limitation in Plaintiff's ability to concentrate, persist, and maintain pace. (*Id.*) The psychological consultative examiner found that Plaintiff was able to understand, remember, and carryout simple one-to-two step instructions which was consistent with the State Agency examiner's determination. (R. at 737.) The consultative examiner found Plaintiff was unable to handle stressors but could handle financial benefits, but the ALJ found the two conclusions inconsistent. (*Id.*) The ALJ gave the consultative examiner some persuasive weight

---

[5] The Court addresses Plaintiff's second and third assignment of error together.

and the reconsideration examiner great weight. (R. at 734, 737.) The ALJ found that Plaintiff was able to understand, remember, and carry out simple instructions; respond appropriately to supervision, coworkers, and usual work situations; deal with changes in a routine work setting; but there was no evidence of any limitation in work function in regard to concentration, persisting, or maintaining pace. (R. at 734–35.)

Plaintiff's "RFC assessment is a determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Perez*, 415 F.3d at 461–62. "Although the ALJ must consider the claimant's 'paragraph B' functional limitations when determining the mental RFC, he is not required to incorporate them into his RFC assessment 'word-for-word.'" *Berry v. Astrue*, No. 3:11-CV-02817-L BH, 2013 WL 524331, at *22 (N.D. Tex. Jan. 25, 2013), *report and recommendation adopted*, 2013 WL 540587 (Feb. 13, 2013). When the ALJ fails to include the limiting effects of the impairment in the RFC analysis, remand is proper. *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). But "[t]he ALJ is not required to incorporate limitations in the RFC that he did not find to be supported by the record." *Johnson v. Saul*, No. 4:20-CV-01660, 2021 WL 5155708, at *7 (S.D. Tex. Aug. 9, 2021).

The ALJ found that the evidence showed Plaintiff had a moderate limitation in concentrating, persisting or maintaining pace, but that the evidence did not show a corresponding limitation in work function. (R. at 734.) Yet, the ALJ restricted Plaintiff to understanding, remembering, and carrying out simple instructions. (R. at 735.) The ALJ cited to the evidence of record he relied upon to form his conclusion. (R. at 734.) The ALJ regarded the reconsideration examiner's opinion with great weight and aligned his RFC determination with the examiner's conclusion, although not in a verbatim fashion. *See Myers v. Saul*, No. SA-20-CV-00445-XR, 2021 WL 4025993, at *8 (W.D. Tex. Sept. 3, 2021) (explaining that "the ALJ is not required to

have a medical opinion that matches his RFC determination"). The examiner explained that Plaintiff was limited to "simple instructions [and] simple decisions" which is reflected by Plaintiff's mental RFC adopted by the ALJ. (R. at 109.) *See Bordelon*, 281 Fed. App'x at 422–23 (finding no reversible error where the ALJ's RFC assessment "reasonably incorporated" the claimant's moderate limitation in concentration, persistence and pace by restricting him "to rare public interaction, low stress, and one-to-two step instructions).

The ALJ properly reviewed the entire record which reasonably supports Plaintiff's mental RFC for concentrating, persistence, and pace. Unlike Plaintiff's contention, the ALJ's conclusion is consistent with the examiner whose opinion he gave great weight. Plaintiff's mental RFC is supported by substantial evidence and does not conflict with the medical evidence of record. *See Berry v. Astrue*, No. 3:11-CV-02817-L BH, 2013 WL 524331, at *23 (N.D. Tex. Jan. 25, 2013) (finding substantial evidence supported the ALJ's assessment when he found plaintiff was moderately limited in concentration, persistence, and pace and was restricted to simple instructions in his RFC), *report and recommendation adopted*, 2013 WL 540587 (Feb. 13, 2013). Accordingly, Plaintiff's second and third assignment of error do not require remand.

### C. Acting Commissioner Berryhill Properly Appointed the ALJ and Appeals Council Members.

Plaintiff makes an Appointments Clause challenge by arguing that former Acting Commissioner Berryhill did not properly appoint the ALJ or Appeals Council members because she served in excess of the time allotted by the Federal Vacancies Reform Act ("FVRA").[6] (Dkt.

---

[6] "[The President] shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the Supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of

No. 16 at 12 citing *Brian T. D. v. Kijakazi*, 580 F. Supp. 3d 615 (D. Minn. 2022), *rev'd and remanded sub nom. Dahle v. Kijakazi,* 62 F.4th 424 (8th Cir. 2023) and *Richard J. M. v. Kijakazi,* No. 19-CV-827 (KMM), 2022 WL 959914 (D. Minn. Mar. 30, 2022)); *see* 5 U.S.C. § 3346. Commissioner argues that Acting Commissioner Berryhill properly served under the time limits allotted under FVRA and she properly ratified the appointments of the ALJs and Administrative Appeals Judges serving on the Appeals Council. (Dkt. No. 19 at 12.)

"[T]he majority of district courts in this circuit and in our sister circuits have found that an Appointments Clause challenge must be first raised at the administrative level." *Pena v. Saul*, No. 7:19-CV-0005, 2019 WL 8223588, at *3 (S.D. Tex. Dec. 26, 2019) (citing *Perkins v. Berryhill*, No. 4:18-CV-664-A, 2019 WL 2997082, at *4 n.3 (N.D. Tex. June 21, 2019) (collecting cases)), *report and recommendation adopted*, 2020 WL 1234281 (Mar. 13, 2020). Plaintiff did not raise this issue at with the ALJ, and proceeded directly to district court, thus did not raise the issue with the AC. *See Freytag v. Commissioner*, 501 U.S. 868 (1991) (indicating that a reviewing court is not obligated but permitted in rare cases to hear a belated appointments clause challenge based on a court's discretion); *Bizarre v. Berryhill*, 364 F. Supp. 3d 418, 425 (M.D. Pa. 2019) (agreeing that *Freytag* did not "open the door for every untimely Appointments Clause challenge" but deciding that the case before it was "one of those rare cases"); *Lucia v. S.E.C.*, 138 S. Ct. 2044, 2055 (2018) (explaining that petitioner did not raise his Appointments Clause challenge before an ALJ but did raise it later in administrative proceedings, thus "made . . . a timely challenge" where officers were appointed by subordinate officials incapable of appointing inferior officers).

---

such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments." U.S. Const. art. II, § 2, cl. 2.

While the Fifth Circuit has not decided whether a claimant's failure to raise an Appointments Clause issue constitutes forfeiture "[t]he majority of district courts have found that the Appointments Clause issue, as raised in the SSA context, was waived if not presented at the administrative level." *Pena*, 2019 WL 8223588, at *5; *Hodges v. Comm'r of Soc. Sec.*, No. 1:18-CV-394, 2019 WL 1330847, at *4 (S.D. Ohio Mar. 25, 2019) (rejecting argument that claimant could not have raised claim before the ALJ). Yet, "[t]he Third and Sixth Circuits [have] concluded that the claimant does not forfeit an Appointments Clause challenge if she failed to raise the argument before the ALJ." *Bland v. Comm'r of Soc. Sec.*, No. 6:18-CV-635-JDK-JDL, 2020 WL 7053503, at *2 (E.D. Tex. Sept. 18, 2020). The Eighth and Tenth Circuits reached the opposite conclusion but were both reversed and remanded. See *Carr v. Saul*, 141 S. Ct. 1352 (2021) (holding challenges to whether the administrative law judges who heard their claims were properly appointed under the Appointments Clause were timely raised for the first time on review of administrative decision in federal court). Courts in the Fifth Circuit reach both conclusions, however, in light of the Eighth and Tenth Circuit reversals the Court holds Plaintiff has not forfeited her Appointments Clause claim for not raising it with the ALJ.[7]

Acting Commissioner Berryhill was effectively the head of the Social Security Administration during the pendency of Andrew Saul's nomination. Berryhill's period of acting service did not violate the term limits set by the FVRA when she ratified the appointment of the

---

[7] *See Veronica B. v. Saul*, No. 3:19-CV-1107-L-BN, 2020 WL 4721294, at *6 (N.D. Tex. June 23, 2020), *report and recommendation adopted*, 2020 WL 4697864 (Aug. 13, 2020) (finding that Appointments Clause challenges are not subject to issue exhaustion before a SSA ALJ); *McCary-Banister v. Saul*, No. SA-19-CV-00782-XR, 2020 WL 3410919, at *7 (W.D. Tex. June 19, 2020) (same); and *Janice Marie J. v. Saul*, No. 3:19-CV-745-B-BN, 2020 WL 874811, at *7 (N.D. Tex. Jan. 30, 2020), *report and recommendation adopted*, 2020 WL 869819 (Feb. 21, 2020) (same).

ALJ or Appeals Council members in this case. The statute provides, "the person serving as an acting officer as described under section 3345 may serve in the office—(1) for no longer than 210 days beginning on the date the vacancy occurs; or (2) . . . once a first or second nomination for the office is submitted to the Senate, from the date of such nomination for the period that the nomination is pending in the Senate." 5 U.S.C. § 3346(a).

Commissioner agrees that Acting Commissioner Berryhill served more than 210 days during the pendency of Andrew Saul's nomination. Commissioner persuasively asserts that the "majority of the courts have held that '§ 3346(a)(2) contains a "spring-back" provision that enabled [Berryhill] to resume her role as Acting Commissioner as of the date that Andrew Saul was nominated for Commissioner in April 2018.'" *Seago v. Kijakazi*, No. 1:21-CV-136, 2022 WL 17853369, at *6 (S.D. Tex. Nov. 15, 2022) (citing *Thomas S. v. Comm'r*, No. C21-5213-MAT, 2022 WL 268844, at *3 n.2 (W.D. Wash. Jan. 28, 2022); *Williams v. Kijakazi*, No. 21-cv-141-GCM, 2022 WL 2163008, at *3 (W.D.N.C. June 15, 2022) (collecting cases)), *report and recommendation adopted*, 2022 WL 17852795 (Dec. 22, 2022). Plaintiff urges the Court to adopt the minority position that "subsections (1) and (2) of § 3346(a) are mutually exclusive, such that acting service must end upon the expiration of the 210-day time limit if a nomination has not occurred prior to that time." *Id.* at *6. The Court declines to do so, finding Acting Commissioner Berryhill had the authority to appoint the ALJ and Appeals Council in this case. Accordingly, the ALJ and Appeals Council were properly appointed and had the authority to adjudicate this case. *See Ramos v. Kijakazi*, No. 1:21-CV-162, 2023 WL 2745180 (S.D. Tex. Mar. 31, 2023) (finding Section 3346(a) "enabled [Berryhill] to resume her role as Acting Commissioner as of the date that Andrew Saul was nominated for Commissioner in April 2018"); *Tamara G. v. Comm'r of Soc. Sec. Admin.*, No. 3:22-CV-631-D-BK, 2023 WL 2504912 (N.D. Tex. Feb. 13, 2023) (same), *report*

*and recommendation adopted*, 2023 WL 2518840 (Mar. 14, 2023); *Arnett v. Kijakazi*, No. 1:21-CV-1187-RP, 2023 WL 3035452 (W.D. Tex. Jan. 26, 2023) (same), *report and recommendation adopted sub nom. Arnett v. Comm'r of Soc. Sec.*, 2023 WL 3035422 (Feb. 10, 2023). Plaintiff's last assignment of error does not require remand.

### III. CONCLUSION

Based on the briefing, record, and relevant law, the Court **RECOMMENDS** Plaintiff's Motion for Summary Judgment (Dkt. No. 15) be **GRANTED IN PART AND DENIED IN PART**, Commissioner's Motion for Summary Judgment (Dkt. No. 18) be **GRANTED IN PART AND DENIED IN PART**, and the case be **REMANDED** in accordance with this order.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on August 2, 2023.

Sam S. Sheldon
United States Magistrate Judge